1  **DONALD M. GINDY, SB# 45228**
2  Law Offices of Donald M. Gindy
   E-Mail: don@gindylaw.com
3  1925 Century Park East, Suite 650
   Los Angeles, California 90067
4  Telephone: (424) 284-3123
5
   Attorney for Plaintiff,
6  VBCONVERSIONS LLC
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  VBCONVERSIONS LLC, a California          **CASE NO**.
    limited liability company
12                                           **COMPLAINT FOR:**
13              Plaintiff,
                                             **1. COPYRIGHT INFRINGEMENT;**
14      vs.                                  **2. CONTRIBUTORY COPYRIGHT**
                                             **INFRINGEMENT;**
15  DOES 1-10, Inclusive,                    **3. VICARIOUS COPYRIGHT**
                                             **INFRINGEMENT;**
16                                           **4. VIOLATION OF THE DIGITAL**
              Defendants.                    **MILLENIUM COPYRIGHT ACT,**
17                                           **§1201.**
18
19                                           **Jury Trial Demanded**
20
21
22          Plaintiff, VBConversions, LLC, a California limited liability company,

23  hereby brings the within action against DOES 1-10, for copyright infringement,

24  contributory and vicarious copyright infringement and violation of the Digital
25
    Millennium Copyright Act, Section 1201, in connection with the unauthorized
26
27  reproduction, adaptation and distribution of plaintiff's copyrighted software
28

                                    1
                              COMPLAINT

program entitled *VB.Net to C# Converter* ("the Program"). This action is based upon a federal question.

## A. JURISDICTION AND VENUE.

1.     This action arises under the Copyright Act of the United States, 17 U.S.C. §§101 & 501, et. seq. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)&(c).

3.     Venue is further proper in that defendants assented to an End User License Agreement ( "EULA") provided by VBConversions ("VBC") to users of its software Program. The license contains a Forum Selection Clause, indicating that in the event of a dispute arising out of or related to the terms or conditions of the license, the matter shall be heard in the County of Los Angeles, State of California.

## B. THE PARTIES.

4.     VBC is a California limited liability company, whose principal office is located in Santa Monica, California.  VBC is engaged in the licensing of its software product, the Program, on the Internet.

5.     Plaintiff is informed and believes and thereon alleges Defendant DOES 1-10, are a business.

## C. SUMMARY OF THE ACTION.

6.     This action seeks damages and injunctive relief based upon the defendant's unauthorized access to, copying and usage of plaintiff's copyrighted

Program.

7.     Plaintiff has registered its Program with the Register of Copyrights and has been assigned the registration number of TX 0008279917 for Version 3.04 of the above entitled program.  It was registered on May 18, 2016. A copy of the registration is attached hereto and incorporated by reference as *Exhibit* **"A."**

8.     VBC licenses its copyrighted program online at vbconversions.com. VBC offers its program in a trial version for a limited time to potential purchasers. In this instance, it is offered for 15 days and up to 2,000 lines of Visual Basic to convert in any one project.  A party is permitted to try out the program and see if it is suitable for their needs. If so, they may apply for a license by paying the standard market fee. Prior to being permitted to use the Trial version, a prospective purchaser must first affirm the EULA. No registration code is issued to trial users, unless and until they purchase a license.   Otherwise, the trial version of the program will not support conversion after 15 days.  A copy of the EULA is attached hereto as *Exhibit* **"B."**

9.     Unfortunately, despite the best efforts of VBC, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to its program and have used the software to quickly convert to this more modern expression of computer language.  These intruders have used so-called "cracking sites" which exist in great abundance on the Internet. These sites supply the decryption of registration keys to developer's software and enable fraudulent

registration codes (or keys) to be used in order to gain access to the programs.

10.     Out of a need for self-defense, VBC has put into service a tracking system which is able to identify the date and time of the intruder, the external and internal IP of the offending computer, the designation of the computer, the targeted version of the Program and other data which is integral to proof of infringement..

11.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and thereon alleges that all of the defendants, known and unknown, are in some manner responsible for the wrongs alleged herein and that at all times mentioned herein were the agents and servants or joint venturers/ partners-in-concert of the other Defendants, and acted within the course and scope of said agency and employment or within the parameter of their agreement.

12.     Plaintiff alleges that at all times the injury and damage which is complained of occurred within this judicial district.

13.     Plaintiff is informed and believes and thereon alleges that at all times mentioned, each of the defendants was the agent and employee of the remaining defendants and was at all times acting within the purpose, course and scope of said agency and employment and each of the defendants has ratified and approved the

acts of the remaining defendants.

14.    The program "*VB.Net to C# Converter*" allows the user to convert the Visual Basic (VB) computer language existing on the user's computer system into the more popular and efficient C# language. C# is intended to be a simple, modern, general-purpose, programming language. The language is intended for use in developing software components suitable for deployment in many different environments. For instance, C# compilers exist for just about every platform imaginable, including Mac, Linux, Windows, Solaris, etc. C# is suitable for writing applications for both hosted and embedded systems, ranging from the very large that use sophisticated operating systems, down to the very small having dedicated functions.

## FIRST CLAIM FOR RELIEF

### *Violation of 17 U.S.C.§106 &501, et seq., Copyright Infringement*

15.    Plaintiff incorporates by reference paragraphs 1 through 14 as if the same were set forth fully herein.

16.    On January 11, 2016, the user installed the Program on his remote computer.  The remote computer is noted by its Public Internet Protocol address as: 47.187.105.118; its Private Internet Protocol address of 192.168.133.1 and its designation as DAVE-PC.

17.    Thereafter, the user affirmed the EULA and was admitted to the Trial

version of the Program.  Once entered, the user introduced a false registration key intended to fool plaintiff's legitimate codes and enable unlimited entry and usage of the Program.  The false key is noted as "666."  This key was not authorized, nor issued by plaintiff.

18.    The user engaged in converting Visual Basic into C# on January 26, 2016; February 26,2016; and March 17, 2016.  The total of lines converted illegally from VB to C# amounted to 36,735.

19.    The American Registry of Internet Numbers (ARIN), an independent organization of the World Intellectual Property Organization (WIPO), whose task is to assign internet protocol numbers to internet service providers in North America has noted that the numbers for Dave-PC are within the net range of numbers serviced by Frontier Communications of America Inc.

20.    On February 26, 2016, it is apparent that the same computer was used on an unauthorized basis to wrongfully convert VB to C#.  However, the Public IP address of this computer was changed to 173.71.62.163. The Private IP address remained the same.  The computer was still designated DAVE-PC. The number ending in 163 is within the range of numbers serviced by MCI Communications Services, Inc d/b/a Verizon Business.  A copy of the ARIN reports are attached hereto as *Exhibit* **"C."**

21.    On February 26, and March 17, 2016, the user by the name of Dave converted Visual Basic code into 118,518 lines of C# code.  The total of all

converted code amounts to 155,253 lines of C#.  Plaintiff has documented usage by Proof of Illegal Conversions and Proof of affirmation of the EULA attached hereto and incorporated by reference as *Exhibit* **"D."**

22.    Defendants' actions were knowledgeable and done with intent to harm plaintiff by depriving it of its rightful profit and gain.  Defendants' actions have likely harmed plaintiff in a variety of ways in the value of its program; the value of licensing; and the unfair and unjust enrichment and profits gained by defendants' and each of them and for which plaintiff seeks Actual damages pursuant to 17 U.S.C. §504.  The amount of Actual damages is unknown at this time, but according to proof at time of trial.  Use of a fraudulent code in order to gain unauthorized access and usage of the program is prima facie proof of willfulness justifying plaintiff's claim to the maximum permitted for Statutory Damages of $150,000.00.

## SECOND CLAIM FOR RELIEF
### *Contributory Copyright Infringement*

23.     Plaintiff incorporates by reference paragraphs 1 through 22 inclusive, as if the same were set forth fully herein.

24.    Plaintiff is informed and believes and thereon alleges that Defendants induced, caused and materially assisted in and contributed to the infringement alleged herein by supplying its employees, officers, servants, agents and others with the program, devices and equipment enabling them and each of them to commit the acts complained of herein. Plaintiff is further informed and believes that at all times

mentioned herein defendants DOES 1-10 were aware of the illegality of what they contributed to, yet failed and refused to bring an end to these acts and was willfully blind to the activity. Accordingly, DOES 1-10 are jointly and severally liable as contributory infringers to plaintiff for the direct infringement committed by its employees, servants, agents or others.

25.    Defendants' acts were done with intent to injure plaintiff and take from it a rightful profit for its product. Use of a fraudulent code in order to gain unauthorized access indicates a knowledgeable act and a willful act resulting in plaintiff's right to seek the maximum Statutory Damages award available of $150,000.00. In the alternative, plaintiff is informed and believes that Actual Damages are appropriate, but the exact amount is unknown at this time, according to proof at time of trial.

**THIRD CLAIM FOR RELIEF**

***Vicarious Copyright Infringement***

26.    Plaintiff incorporates by reference paragraphs 1 through 25, inclusive, as if the same were set forth fully herein.

27.    At all times mentioned herein, defendant DOES 1-10, as employers of all the other defendants, had the right and ability to oversee, supervise and control the actions of its employees by virtue of its position. The acts of other unknown employees gaining unauthorized access so as to enable them to purloin plaintiff's copyrighted product was preventable by vigilant acts on the part of DOES 1-10. Yet,

COMPLAINT

the latter refused to prevent these acts from occurring.

28.     Moreover, defendant DOES 1-10 gained a financial benefit they would not otherwise have enjoyed but for the unauthorized usage of the plaintiff's program. By its usage, DOES 1-10 saved costs and avoided certain expenses owed to employees for man-hours it would normally be required to pay. But for this unauthorized benefit as a result of VB.Net to C# Converter feature, DOES' profit would likely be less for the period in question.

29.     As a consequence, DOES 1-10 are vicariously liable to plaintiff for infringement, and joint and severally liable for damages with those persons directly committing copyright infringement. In this case, DOES 1-10 are liable to the greater of Actual Damages, according to proof, or the maximum of Statutory Damages per 17 U.S.C. § 504.

### FOURTH CLAIM FOR RELIEF

*Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a))*

30.     Plaintiff incorporates by reference paragraph 1 through 29, inclusive, as if the same were set forth herein.

31.     At all times mentioned herein, plaintiff had in force a 25 digit alphanumeric code designed to control access to his copyrighted software. It is only when a legitimate purchaser fulfills his obligation with respect to the terms and conditions of the End User Licensing Agreement (EULA) and pays the standard

market fee, that unlimited access to the licensed product is permitted. Under those circumstances, Plaintiff will issue to the licensee a license and provide legitimate code enabling access to the copyrighted program.

32.     The code is intended as a technological measure for the purpose of protecting VBC's proprietary program. To gain access requires knowledge of the 25 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code.

33.     Each access of the program constitutes a new violation of section 1201.

34.     The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but at least twenty (20) occasions are detected. As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

35.     The use of the circumvention device to gain access is an Intentional and knowledgeable act by the defendants. It is therefore willful and subjects DOES 1-10 to the maximum allowed for Statutory Damages per "violative act," i.e., $2,500.00 maximum per occurrence of unauthorized access or $50,000.00.

**WHEREFORE**, plaintiff prays that the Court issue the following order:

A.     Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiffs copyrighted application software identified above without the express written approval of plaintiff or his delegate;

B.     Defendants be ordered to identify, preserve, set aside and retain any and all source code used by them in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:

(i)     all electronically stored information which contains any portion of plaintiff's copyrighted program;

(ii)    all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C.     Pay plaintiff all damages sustained by VBC as the result of DOES 1-10's unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiffs expense. In particular, Plaintiff demands compensation of at least $150,000.00 as Statutory Damages, or alternatively, Actual Damages, in the nature of profits attributable to the infringement, both direct and, indirect, according to law.  In addition, the maximum allowed per occurrence in Statutory Damages for violation of the Digital Millennium Copyright Act, §1201(a).

D.     All costs of litigation, including, but not limited to costs of suit, an award of reasonable attorney fees and interest at legal rates.

E.     Such other and further relief as the Court deems just.

//////////////////////////////////////////////////////

1    Dated: August 14, 2017

2

3                                        LAW OFFICES OF DONALD M. GINDY

4                                    By:

5                                        Donald M. Gindy

6                                        Attorneys for VBConversions LLC, a
                                         California Limited Liability Company
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>DEMAND FOR TRIAL BY JURY</u>**

2      PLEASE TAKE NOTICE that Plaintiff VBConversions, LLC hereby

3  demands a jury trial in this action.

4

5  DATED: August 14, 2017          LAW OFFICES OF DONALD M. GINDY

6

7                          By:_____

8                              Donald M. Gindy
                               Attorney for VBConversions LLC, a
9                              California Limited Liability Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28